844 So.2d 1111 (2003)
Charles C. ROQUE, Jr.
v.
SHELL BEACH TRUCKING.
No. 02-1305.
Court of Appeal of Louisiana, Third Circuit.
May 7, 2003.
*1112 George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, LA, for Plaintiff/Appellee, Charles C. Roque, Jr.
Michael S. Coyle, Coyle & Green, L.L.C., Ruston, LA, for Defendant/Appellant, Shell Beach Trucking & American Interstate Ins. Co.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and BILLY HOWARD EZELL, Judges.
SYLVIA R. COOKS, Judge.
In this workers' compensation case, the employer and insurer appeal the judgment of the Office of Workers' Compensation awarding multiple penalties and attorney fees in favor of the claimant. For the following reasons, we affirm, as amended.

FACTS
Charles Roque, Jr., was injured on June 30, 2000 when he slipped and fell off the top of his truck while attempting to cover his load of wood chips from exposure to the falling rain. Roque was in the employ of Shell Beach Trucking when the accident occurred. Roque immediately reported the fall to his supervisor, but attempted to continue working. On July 6, 2000, he went to the emergency room at Natchitoches Parish Hospital complaining of severe pain. Roque received a shot for the pain, and attempted to return to work. He worked through July 13, 2000, when he notified his employer he could no longer drive his truck because of back pain.
Roque filed a disputed claim for compensation with the Office of Workers' Compensation (OWC) naming Shell Beach Trucking and its insurer, American Interstate Insurance Company, as defendants. At issue was whether Roque was entitled to workers' compensation benefits for July 14, 2000, whether he is entitled to penalties and attorney fees for that day's worth of benefits, and whether he is entitled to penalties and attorney fees for other untimely payments of medical expenses. Roque also contended when he received his first compensation check it was not for a full seven days of benefits as owed.
The parties stipulated at trial that Roque was engaged in the course and scope of his employment with Shell Beach Trucking when he fell from his truck. His average weekly wage at that time was $643.23 per week, and he was being paid maximum benefits up until the time of trial. It was also stipulated that a medical expense for Dr. Stephen Wheat was not paid timely. Roque requested a penalty for the defendants' failure to pay this bill timely.
In accordance with the stipulation, the workers' compensation judge (WCJ) awarded Roque $2,000.00 in penalties for the late payment to Dr. Wheat, but declined to award any penalties for any other alleged late payment of medical bills. The WCJ found Roque failed to forward the disputed bills to the employer or insurer, opting instead to call the bill department of the medical providers and requesting they bill the employer or insurer. The WCJ concluded Roque failed to prove the employer or insurer failed to pay the bills within sixty days of receipt.
The WCJ did not accept the employer's arguments that it reasonably controverted Roque's claim to benefits for the one day of July 14, 2000. The WCJ found the employer was "well aware" of the last day Roque worked. A penalty of $2,000.00 was awarded for the employer's failure to pay benefits for this day.
The WCJ also concluded that Roque's first indemnity check was not for the full seven days of benefits as required. The court also awarded a $2,000.00 penalty for *1113 this failure. The court then awarded $7,000.00 as attorney fees for the work performed by Roque's attorney on all the issues before the OWC.
The defendants appealed the OWC's judgment, asserting the following assignments of error:
1. The WCJ committed reversible error in awarding multiple penalties in this matter;
2. The WCJ committed reversible error in finding that the first indemnity check should have been for seven days;
3. The WCJ committed reversible error in failing to find that defendants reasonable controverted Roque's claim that he was entitled to benefits for July 14, 2000;
4. The WCJ committed reversible error in awarding the employee a penalty and attorney fees for the late payment of Dr. Wheat's medical bill; 5. The WCJ committed reversible error in awarding excessive attorney fees in this case.

ANALYSIS
Defendants' first assignment of error asserts the WCJ erred in imposing multiple penalties. We disagree. The Louisiana Supreme Court recently settled this issue finding "La.R.S. 23:1201(F) provides multiple penalties for multiple violations of compensation and medical benefits claims." Fontenot v. Reddell Vidrine Water District, 02-0439 (La.1/14/03), 836 So.2d 14.
Second, defendants urge the WCJ erred in finding the first indemnity check should have been for a full seven days rather than six days. La.R.S. 23:1201(B) provides that the first installment of compensation payable for temporary total disability shall become due on the fourteenth day after the employer or insurer has knowledge of the injury, on which date all such compensation then due shall be paid. The record is clear the initial payment was not for a full week of benefits, but was for six days.
In Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, a similar factual scenario was presented. In Brown the first payment was only for five days rather than a full week. The employer in Brown claimed the partial payment was due to its internal policy of only issuing checks on Wednesday. While the court noted the value of an existing payment policy to ensure the timely and accurate issuance of compensation benefits, it nonetheless concluded "such a policy cannot contravene statutory requirements..." Id. at 892. The court in Brown found the partial payment contravened the statutory requirements of La.R.S. 23:1201(B) and warranted the imposition of penalties and attorney fees. The WCJ did not err in finding the defendants did not reasonably controvert its obligation imposed by statute to pay benefits for the full week; and, thus, it did not err in awarding penalties and attorney fees for this failure.
Defendants also argue the WCJ committed reversible error in failing to find it reasonably controverted Roque's claim that he was entitled to benefits for July 14, 2000. The WCJ gave the following reasons for awarding a penalty against defendants in this instance:
With respect to the one day of benefits, July 14th of 2000, the employer argues that they reasonably controverted Mr. Roque's claim to benefits for that day asserting that in Mr. Roque's deposition even he wasn't sure of his last day of work and pointed to some documentation from the employer. However, the documentation of the employer demonstrates that the last day Mr. Roque was paid wages was July 13th of 2000.

*1114 The employer was well aware of the last day Mr. Roque worked. There was conflicting evidence in that the-the documentation of wages showing last payment of wages being July 13th and then a document with an entry for July 14th, that information could have easily been corrected, ascertained and found out by American Interstate Insurance Company from someone other than Mr. Charles Roque, that is, the employer who didn't testify at this trial. No one from the employer testified.
The Court concludes therefore that American Interstate did not reasonable contest Mr. Roque's testimony and evidence that he did not work on July 14th of 2000 and therefore would be entitled to benefits for that day. The Court would award a two thousand dollar penalty for failing to pay that day's worth of benefits.
We find the factual findings of the WCJ were not manifestly erroneous, and his conclusion on this issue will not be disturbed.
Next, defendants contend the WCJ erred in awarding a penalty and attorney fees for the late payment of Dr. Wheat's medical bill. Defendants argue the penalty should be paid to Dr. Wheat and not the employee. We disagree. La.R.S. 23:1201(F)(3) provides that "any additional compensation paid by the employer or insurer pursuant to this Section shall be paid directly to the employee." R.S. 23:1201(F)(4) provides the only exception to this rule:
(4) In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider.
That exception, however, is not applicable here because Dr. Wheat did not file a claim for payment of his fee. Therefore, the exception does not apply and the WCJ was correct in awarding the penalty and attorney fees to Roque for the late payment.
Defendants also assert the WCJ awarded an excessive amount in attorney fees to Roque. We find the attorney fees awarded were reasonable, given the nature of the case, the degree of skill and ability exercised by the attorney, and the successful result obtained by Roque. See Langley v. Petro Star Corp. of La, 01-0198 (La.6/29/01), 792 So.2d 721.
Roque answered defendant's appeal, asserting the WCJ erred in not awarding penalties for other untimely paid medical bills. The record reveals there are two additional bills which were paid late.
Roque received medical treatment from Natchitoches Parish Hospital on June 31, 2001. The record established the adjuster received the bill on July 26, 2001. Thus, the sixty day period required payment by September 26, 2001. The bill was not paid until October 31, 2001, which the insurer justified by arguing there was a request for additional information which was not received until October 9, 2001.
Roque received treatment from Dr. Geoffrey Collins on January 23, 2001 through January 30, 2001. The insurer received the bill on March 26, 2001, requiring payment by May 26, 2001. The bill was not paid until July 5, 2001, again because the insurer stated its request for additional information was not received until June, 22, 2001.
At trial, counsel for Roque requested "production of any and all documents in writing where they have written to the medical providers andand requested additional *1115 information in order to pay the bills." Counsel for the insurer replied "there's one in thein D-3." We reviewed the exhibits, in particular D-3, and find there is a standard letter from the insurer requesting "corresponding medical reports for each date of service" and stating that the "charges were not itemized." However, upon further review, this letter was for a bill submitted for medical service rendered on July 20, 2000 through July 31, 2000. This bill was paid within the sixty day period. The record contains no written documentation of any request for the two late payments in question. Although the insurer argues it should be excused from the penalty for failure to pay within the sixty day period, we find any request by the employer for additional medical records can and should be done in an expeditious manner within the sixty day time period. Therefore, we find an additional $2,000.00 penalty is warranted for each late payment.
Roque also has requested additional attorney fees for the work necessitated by this appeal. An increase in attorney fees is warranted on appeal when the appellant unsuccessfully appeals, and the appeal necessitates additional work. Sinegal v. Able Glass Co., Inc., 95-10 (La.App. 3 Cir. 10/11/95), 663 So.2d 393. We will award Roque an additional $3,000.00 for the work performed by his counsel on appeal.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed. The judgment is amended to award an additional $4,000.00 in penalties for the two untimely paid medical bills. The judgment is also amended to award an additional $3,000.00 in attorney fees to Charles Roque, Jr. All costs of this appeal are assessed to defendants-appellants.
AFFIRMED, AS AMENDED.