STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 03-1367


WALTER NEWSON

VERSUS

RICHARD SPURGEON MASONRY


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 02-04388
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard Ezell, Judges.


**AFFIRMED AS AMENDED.**

**Bradley John Gadel**
**Percy, Smith, Foote**
**P. O. Box 1632**
**Alexandria, LA 71309-1632**
**(318) 445-4480**
**Counsel for: Defendant/Appellant**
**Richard Spurgeon Masonry**

**Maria Anna Losavio**
**Losavio Law Firm**
**1821 MacArthur Drive**
**Alexandria, LA 71315**
**(318) 767-9033**
**Counsel for: Plaintiff/Appellee**
**Walter Newson**

**EZELL, JUDGE.**

This case arises from a workers' compensation dispute filed by Walter Newson against his employer, Richard Spurgeon Masonry. Spurgeon asserts that the workers' compensation judge erred in assessing penalties and attorney's fees against it for late payment of a medical bill and in rejecting its claims that Newson committed fraud under La.R.S. 23:1208. Newson answers the appeal, claiming that the workers' compensation judge erred in not awarding attorney's fees for termination of indemnity benefits and seeking additional attorney's fees for work necessitated by Spurgeon's appeal. For the following reasons, we affirm the decision of the workers' compensation judge (WCJ) as amended.

On June 20, 2001, Newson injured his left hand while in the course and scope of his employment with Spurgeon. This is not in dispute. He was treated at the emergency room at Huey P. Long Medical Center the same day. He filed a claim for temporary total disability benefits (TTDs) which was accepted by Spurgeon and paid in accordance with the law.

On May 30, 2002, Newson had an appointment with his doctor to examine his hand. Newson was authorized to return to work with limited use of his left hand, with a reevaluation appointment scheduled for June 27, 2002. However, Spurgeon kept paying benefits up to June 25, 2002. Spurgeon knew of the doctor's appointment on the 27th and requested an updated work on his work status from the doctor. On this date, Newson was again released to modified work duty with limited use of his left hand. Spurgeon received this update on his medical status on July 10, 2002, and issued a check for benefits the next day. However, while Spurgeon was waiting on the updated medical status, it did not pay indemnity benefits. Newson then instituted this claim, asserting that the benefits for the period of June 26, 2002 through July 9, 2002 were untimely paid and that Spurgeon did not timely pay the medical bill arising

1

from his visit to the emergency room. Spurgeon countered with a claim that Newson committed fraud under La.R.S. 23:1208.

At trial, the WCJ found that, due to the change in his medical status as of May 30, 2002, Newson was no longer entitled to TTDs as of that time and was only entitled to supplemental earnings benefits (SEBs). Since SEBs are paid on a monthly rather than weekly basis, the WCJ found that the benefits were not untimely paid. The WCJ also found that Spurgeon did pay the emergency room bill after the time allowed by La. R.S. 23:1201(E) and awarded Newson $2,000 in penalties and $2,000 in attorney's fees for the violation. Finally, the WCJ found that Spurgeon did not prove that Newson violated La.R.S. 23:1208. From this decision, both parties appeal.

Louisiana jurisprudence is clear that in a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551; *Belaire v. L & L Oil Co.,* 93-1198 (La.App. 3 Cir. 5/4/94), 636 So.2d 1177. The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one, after reviewing the record in its entirety. *Stobart v. State Through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Id*.

In its first assignment of error, Spurgeon claims that the workers' compensation judge erred in imposing penalties and attorney's fees for late payment of the June 20, 2001 bill, as the bill was paid within sixty days of receipt of the requested medical records. We disagree.

After a review of the record, we find that the WCJ committed no manifest error

2

in finding that Spurgeon failed to timely pay the June 20, 2001 medical bill. Spurgeon had written notice of the bill as of September 13, 2002. However, the bill was not paid until January 21, 2003. Louisiana Revised Statute 23:1201(E) states: "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." Spurgeon cannot use the fact that it did not receive the requested medical records as a reasonable basis for paying the medical bill late, when they received the bill directly from Huey P. Long hospital in September of 2002. "[A]ny request by the employer for additional medical records can and should be done in an expeditious manner within the sixty day time period." *Roque v. Shell Beach Trucking*, 02-1305, p. 6 (La.App. 3 Cir. 5/7/03), 844 So.2d 1111, 1115. This assignment of error is without merit.

In its second assignment of error, Spurgeon claims that the WCJ erred in rejecting its assertion that Newson committed fraud under La.R.S. 23:1208. Again, we disagree. The "requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment." *Resweber v. Haroil Const. Co.*, 94-2708, p. 7(La. 9/5/95), 660 So.2d 7, 12. When Newson retained counsel to represent him in this matter, that counsel had him sign blank 1020 forms which were to be filled out as necessary. While still receiving benefits from Spurgeon, Newson began work as a janitor at Louisiana Works. He received $240 a week in compensation for this work. However, due to a misunderstanding with his counsel's secretary, his earnings were reported to Spurgeon as $240 a *month*. When this error became evident at his deposition, Spurgeon informed Newson of the amount of the overpayment they made, and Newson fully reimbursed Spurgeon. At trial, the WCJ found that this was simply a clerical error and that Spurgeon failed to show that Newson willfully misrepresented his earnings. There is nothing in the record which

3

indicates that this finding is manifestly erroneous.

Newson answered Spurgeon's appeal, claiming that the WCJ erred in failing to award attorney's fees for the alleged termination of indemnity benefits on June 26, 2002. Louisiana Revised Statutes 23:1221(1)(a) states that an employee is entitled to TTDs for:

> any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience . . . .

For an injury which results in an employee's inability to earn wages equal to ninety percent or more of his or her wages at the time of injury, that employee is entitled to SEBs as prescribed by La.R.S. 23:1221(3)(a). An award for TTDs "shall cease when the physical condition of the employee has resolved itself to the point that . . . regular treatment by a physician is not required." La.R.S. 23:1221(1)(d). Thus, entitlement to workers' compensation benefits is based on the claimant's ability or inability to earn wages. *Mitchell v. Abbeville Gen. Hosp.*, 93-1146 (La.App. 3 Cir. 4/6/94), 635 So.2d 540. A change in medical condition can be a basis upon which an employer may change a worker's classification from TTDs benefits to SEBs. *Joiner v. Newberg Venture*, 94-1533 (La.App. 3 Cir. 5/3/95), 657 So.2d 206.

It is clear that Newson's benefits were not terminated on June 26, 2002, as they were paid on July 11, 2002. Furthermore, there was a change in Newson's medical condition on May 30, 2002, when he was released to modified work with limited use of his injured left hand. He was no longer entitled to TTDs. The workers' compensation judge found that, even though Spurgeon continued to pay Newson in weekly increments though June, he was only entitled to benefits on a monthly basis as of the start of June 2002. This was reaffirmed on June 27, 2002, when Newson was

4

again released to limited work duty. Accordingly, the WCJ found that, because his benefits were due on a monthly rather than weekly basis, the benefits were not untimely. We find no error in this ruling.

Newson also answered the appeal seeking an increase in attorney's fees to cover the cost of the work necessitated by Spurgeon's appeal. The WCJ awarded claimant $2,000 in attorney's fees at the hearing level. We increase the award to $3,500 to cover the extra work necessitated by this appeal.

Accordingly, for the reasons stated, the decision of the WCJ is affirmed as amended. The award of attorney's fees is increased to $3,500.00. All costs of this appeal are assessed against Spurgeon.

**AFFIRMED AS AMENDED.**