STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 08-1150


RONALD ELLIS

VERSUS

RESOURCE TRANSPORTATION, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 06-08576
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**


**Robert Blaine Purser**
**Purser Law Firm**
**P. O. Box 1670**
**Opelousas, LA 70571-1670**
**(337) 948-0815**
**Counsel for Defendants/Appellants:**
**National Loss Control Management, Inc.**
**And Resource Transportation**

**Christopher Cameron McCall**
**Baggett, McCall, Burgess, Watson and Gaughan**
**3006 Country Club Road**
**Lake Charles, LA 70606-7820**
**(337) 478-8888**
**Counsel for Plaintiff/Appellee:**
**Ronald Ellis**

**EZELL, JUDGE.**

In this workers' compensation matter, the employer and insurer appeal the award of penalties and attorney fees for nonpayment of medical expenses and failure to authorize treatment. For the following reasons, we affirm.

## FACTS

Ronald Ellis was injured by a lightening strike on July 8, 2004, while working as a truck driver for Resource Transportation. On December 14, 2006, Mr. Ellis filed a disputed claim form. Subsequently, on July 24, 2007, a letter was sent to counsel for Resource Transportation and its insurer, National Loss Control Management. The letter outlined the medical expenses that had not been paid and the medical treatment that had not been approved. At that time, a settlement agreement was entered into in which the Defendants agreed to pay the outstanding bills and approve the recommended treatment as outlined in the letter.

On October 23, 2007, Mr. Ellis filed a motion to enforce the settlement and requested penalties and attorney fees. A hearing was held on December 12, 2007. The trial court concluded that there was a signed agreement to authorize the payments and visits as outlined in the July 24, 2007 letter and ordered all approved medical treatment be authorized in addition to payment of all outstanding medical bills. Penalties and attorney fees were to be discussed at a later hearing.

The hearing on penalties and attorney fees was held on March 3, 2008. An affidavit of the work performed by the attorney for Mr. Ellis was introduced into the record. Additionally, the July 24, 2007 letter indicating the medical expenses and medical treatment that had been agreed to was introduced. At the time of the hearing, most of the expenses had not been paid, and the medical treatment had not been authorized.

1

On June 5, 2008, a final judgment was signed. Mr. Ellis was awarded penalties in the amount of $8,000 and attorney fees in the amount of $6,250. Defendants were also ordered to pay all costs of the proceedings.

## PENALTIES AND ATTORNEY FEES

Louisiana Revised Statutes 23:1201(E) provides: "Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." However, the employer or insurer is not liable for penalties or attorney fees for failure to timely pay medical benefits when the claim has been reasonably controverted or the nonpayment results from conditions over which the employer had no control. La.R.S. 23:1201(F)(2).

Whether an employer or insurer should be cast with penalties and attorney fees is a question of fact which is subject to the manifest error or clearly wrong standard of review. *Smith v. Morris & Dickson*, 05-1120 (La.App. 3 Cir. 3/1/06), 924 So.2d 1217, *writ not considered*, 06-841 (La. 6/2/06), 929 So.2d 1240.

The Defendants argue that the bills have not been paid because they were not submitted with the proper CPT Codes and corresponding medical reports. No evidence was introduced at the hearing on this matter to support this claim. However, it appears from the Defendants' brief that correspondence requesting the information was not sent to the medical providers until January 7, 2008. This is five months after Defendants agreed to pay outstanding medical bills and authorize treatment as outlined in the July 24, 2007 letter. Furthermore, no explanation has been offered as to why the Defendants have not authorized the recommended medical treatment as set forth in the July 24, 2007 letter, which they had already agreed to approve. The Defendants were well over sixty days after the agreement had been reached before indicating that they needed additional information to pay the bills.

2

In *Newson v. Richard Spurgeon Masonry*, 03-1367 (La.App. 3 Cir. 3/3/04), 867 So.2d 78, *writ denied*, 04-839 (La. 5/14/04), 872 So.2d 523, this court found that payment of a submitted medical bill after sixty days of the submission of the bill to the employer but within sixty days of a request for medical records by the employer was improper. We cited *Roque v. Shell Beach Trucking*, 02-1305 (La.App. 3 Cir. 5/7/03), 844 So.2d 1111, which held that the request for medical records should be done in a prompt manner within the sixty-day time period of La.R.S. 23:1201(E).

In the present case the Defendants agreed to pay the bills and authorize medical treatment. No efforts toward paying bills or authorizing medical treatment were made until after the first hearing in December 2007, approximately four-and-one-half months after the agreement. We find no error in the workers' compensation judge's decision that penalties and attorney fees are appropriate in this matter.

The Defendants also contend that the workers' compensation judge should have specifically stated which medical expenses were the subject of the penalties and attorney fees award. They request that this court remand the matter so the workers' compensation judge can clarify his ruling. At issue in this case was the failure of the Defendants to approve the medical treatment and expenses as outlined in the July 24, 2007 letter. It is clear that the workers' compensation judge's award of penalties and attorney fees to Mr. Ellis were for the items as detailed in the letter which Defendants had approved and agreed to pay. We do not find it necessary to remand this matter for clarification.

For the reasons set forth in this opinion, the judgment of the workers' compensation judge is affirmed. All costs of this appeal are assessed to Resource Transportation and National Loss Control Management Insurance Company.

**AFFIRMED.**