ARMSTRONG, Judge.
Plaintiff, Francisca Aguiar, appeals from a ruling by the Louisiana Office of Worker’s Compensation Administration for the Parish of Orleans that her claim for worker’s compensation benefits arising out of her employment with defendant, the Marriott Corporation (“Marriott”), prescribed. We now reverse and remand.
Plaintiff was employed by the Marriott in the housekeeping department. She was hired in July 1980. According to her testimony and that of Marriott’s human resources manager, Percy Ewell, plaintiffs primary duties consisted of polishing silver. In October 1990 plaintiff started to experience problems in her right hand. On November 9, 1990 plaintiff was examined by Dr. Rodriguez, an orthopedist at Tulane Medical Center Hospital and Clinic. In a November 10, 1990 letter to Tina Hess, a Marriott nurse, Dr. Rodriguez reported that he had diagnosed plaintiff as suffering from tendonitis of the right wrist and stated that there was no evidence of carpal tunnel syndrome. It was his opinion that the tendonitis was related to her work. He also reported that he had advised plaintiff to wear a wrist brace when working and to avoid lifting in excess of 25 pounds. In a handwritten postscript to the November 10, 1990 letter, Dr. Rodriguez wrote that he would appreciate it if plaintiff could be relieved of polishing duties for the next two weeks (or months). The handwritten date on the postscript is November 14, 1990.
In a December 4, 1990 letter to Ms. Hess, Dr. Rodriguez reported that plaintiff was doing better. He recommended that she wear a brace and avoid polishing and pushing with her right hand. He further stated that she would recover in approximately 3-4 *399 weeks. He felt that the problem was work related.
Plaintiffs last day of work at the Marriott was December 5, 1990. Percy Ewell, the human resources manager, stated that plaintiff “met with a nurse and decided she could no longer perform her regular duties.” Ewell recalled that plaintiff was advised there was no “modified duty” available at that time, meaning duties other than polishing, and that plaintiff voluntarily chose not to return to work. She was still on the Marriott payroll through the pay period ending December 28, 1990, although she did not perform any work after December 5th. She did, however, receive holiday pay for Christmas, a total of eight hours pay.
Plaintiff testified that on December 5, 1990, Ewell called her into the personnel office and informed her that Dr. Rodriguez had reported in a telephone conversation that her physical problem was not related to her working but was “a condition of her arm.” Plaintiff said she discontinued working after December 5, 1990 because she didn’t have any more hours scheduled, not because of pain in her hand. She admitted that she felt some pain but said she had still been working. Plaintiff testified that Dr. Rodriguez informed her only that she could not polish, not that she couldn’t do other work. She also said the “manager” informed her that she could no longer work. In a December 28, 1990 letter, Dr. Rodriguez advised Ms. Hess that plaintiff was able to be gainfully employed but that she should not polish with her right hand. In an April 29,1991 letter to Ms. Roberta Fagan, with Marriott’s benefits department in Washington, D.C., Dr. Rodriguez stated that after his examinations of plaintiff on January 4 and 25, 1991 indicated possible carpal tunnel syndrome, he referred plaintiff to another physician who performed EMG and nerve conduction tests. Dr. Rodriguez stated that those tests showed that she had carpal tunnel syndrome. He informed plaintiff of the carpal tunnel syndrome diagnosis on February 25, 1991.
Plaintiff never returned to work at the Marriott after December 5, 1990. On November 19, 1991, plaintiff filed a claim for compensation with the Office of Workers’ Compensation. In the claim plaintiff listed the date of injury or illness as November 9, 1990. Defendant Marriott filed an exception of prescription, arguing that plaintiffs “injury” actually occurred in October 1990 when she first began experiencing pain in her right hand, or at the latest, on November 9, 1990, when she was examined by Dr. Rodriguez and diagnosed to be suffering from tendonitis. Defendant relied on the one-year prescriptive period contained in La.R.S. 23:1209(A). Plaintiff claimed that her carpal tunnel syndrome did not develop immediately after the accident and thus the two-year prescriptive period contained in R.S. 23:1209(A) was applicable.
The hearing officer found that plaintiffs petition for compensation had prescribed on its face, alleging as it did, an accident date of November 9, 1990. The hearing officer stated in his reasons for judgment that “the case is prescribed unless the injury did not result at the time of or develop immediately the accident.” The court further found that prescription did not run from February 25,1991, the date plaintiffs carpal tunnel syndrome was diagnosed.
La.R.S. 23:1209(A) provides:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
*400 Plaintiff was an unskilled worker whose primary duties consisted of polishing. However, plaintiff testified that she also performed other duties. After plaintiffs problems arose, she was allowed to continue working at tasks other than polishing until December 5, 1990. It was not until December 5, 1990 that it was decided by defendant that there was no work available for plaintiff other than polishing. It was really at this point that plaintiff became unable to perform her employment duties, by virtue of her employer determining that she was only needed to perform one task for Marriott. It must be remembered that plaintiff was an unskilled worker. As far as we know, her injury only prevented her from polishing, not from performing other types of unskilled labor.
In Cheatham v. Morrison, Inc., 469 So.2d 1219 (La.App. 1st Cir.1985), the plaintiff was injured on March 13, 1978. However, she continued working under “light duty” status. She was feed for insubordination on June 13, 1978 after a confrontation with her supervisor who criticized her for working too slow, due to the physical limitations resulting from her earlier injury. The plaintiff filed a suit for compensation on June 13, 1979. Reversing the lower court’s finding that her claim had prescribed, and interpreting R.S. 23:1209(A), the appellate court stated:
Our courts emphasize encouraging rather than penalizing an employee who continues to work despite an injury that, in legal contemplation, proves to be a disability. Plaintiff may or may not have been able to perform either light or regular duty after first reporting back to work, but her legal disability was not manifest until June 13, 1978, when her employer found her work too slow as a direct result of her work-related injury. (Citations omitted).
Applying the reasoning of Cheatham to the facts of the instant case, we find that plaintiffs legal disability was not manifest until December 5,1990 when she was informed by Marriott that no work was available other than polishing. Plaintiff was effectively informed at that time by her employer that she could not perform any work for the company because of her injury. Therefore, we hold that plaintiffs claim for worker’s compensation was timely filed on November 19, 1991. The trial court erred in finding that plaintiffs claim had prescribed.
For the foregoing reasons, we reverse the judgment of the hearing officer and remand this case for further proceedings.
REVERSED AND REMANDED.
BARRY, J., concurs with reasons.