# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 04-254


**RITA DAUTRIEL**

**VERSUS**

**AMERICAN RED CROSS OF SW LOUISIANA**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 03-02181
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**REVERSED & REMANDED.**

**Kevin Louis Camel**
**Cox, Cox, Filo & Camel**
**723 Broad St.**
**Lake Charles, LA 70601**
**(337) 436-6611**
**Counsel for: Plaintiff/Appellant**
**Rita Dautriel**

**Amanda G. Clark**
**Forrester, Jordan & Dick**
**7809 Jefferson Hwy., Bldg. G**
**Baton Rouge, LA 70809**
**(225) 928-5400**
**Counsel for: Defendant/Appellee**
**American Red Cross of SW Louisiana**

**SAUNDERS, J.**

Issues on appeal to this court arise out of an employment relationship. Rita Dautriel, appellant, was injured in a work-related accident while employed by the American Red Cross of Southwest Louisiana. Rita Dautriel filed a claim in the Office of Workers Compensation, and the American Red Cross countered with a plea of prescription, which the Office of Workers Compensation granted.

**FACTS**

Rita Dautriel's job position was that of a bingo session manager employed for the American Red Cross of Southwest Louisiana. She worked two days a week and was paid $50.00 per bi-weekly bingo session. She was also paid a $100.00 stipend for doing the bookkeeping for these bingo sessions. On January 23, 2001, Rita Dautriel sustained an injury while employed by the American Red Cross. She was injured during a bingo session when she lost her footing on a platform and fell. She received medical treatment for her injuries and continued to work until September 22, 2001, when she sustained a second injury. She once again received medical treatment for these injuries and continued to work, but with modifications as she was no longer able to lift heavy objects. In all other respects, she continued to perform her job duties. On June 30, 2002, Rita Dautriel's position with the American Red Cross was eliminated. On elimination of her job position, Rita Dautriel requested disability payments from the American Red Cross but was refused.

**PROCEDURAL HISTORY**

Rita Dautriel filed a claim for compensation in the Office of Workers Compensation on March 25, 2003. American Red Cross filed an exception of prescription which the Workers' Compensation Judge granted on December 3, 2003,

thereby dismissing Rita Dautriel's claims. Rita Dautriel timely filed a motion for devolutive appeal on December 31, 2003.

**ASSIGNMENTS OF ERROR**

> 1) The Office of Workers Compensation erred in its decision to grant American Red Cross' exception of prescription.

> 2) Rita Dautriel is entitled to an award of penalties and attorneys' fees.

**LAW AND ANALYSIS**

The standard of review for findings of the trial court has been clearly established in this circuit. A court of appeal may not set aside a judge's factual finding unless that finding was manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't. of Transp. & Dev.,* 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

**ASSIGNMENT OF ERROR NUMBER ONE**

The first assignment of error concerns the Office of Worker's Compensation decision that Dautriel's claim was untimely. We find merit in this assignment and therefore reverse the decision of the Office of Workers Compensation and remand.

The relevant statute for determining the prescriptive period is "La.R.S. 23:1209(A)"

In case of personal injury, including death resulting therefrom, all claims

2

for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in subsection B of this section and in this chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). ***Also when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.***

The highlighted concept is referred to as the "developing injury rule," and application

of this concept permits the injured employee to bring a claim within one year of the

development of disability.

> This court has consistently held that an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the *disabling* injury, rather than from the first appearance of symptoms or from the first date of treatment. . . . Thus, the "developing injury rule" has been applied not only when the injury does not manifest itself immediately, but also when the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so.
> The underlying rationale for this interpretation is that an injured employee who continues to work, despite a work-related medical condition which is painful but not then disabling, should not be penalized for attempting to remain in the work force in order to support his or her family in the hope that the condition will improve. Requiring any injured employee, who is not yet disabled, to assert his or her claim within one year of the accident in order to preserve the cause of action would encourage needless litigation.
> *Sevin v. Schwegmann Giant Supermarkets, Inc.,* 94-1859, pp. 4-5 (La. 4/10/95) 652 So.2d 1323, 1326 (citations omitted)..

When the employer is no longer willing to provide a "modified job" the

employee is then disabled. Closing business is one way of not providing a modified job, and this clearly activates the developing injury rule.

In *Desselle v. Dresser Industrial Valve,* 96-374 (La.App. 3 Cir. 2/5/97), 689 So.2d 549, *writ denied,* 97-0618 (La. 4/25/97), 692 So.2d 1086, Samuel Desselle was injured August 29, 1989 and did not return to work until November 21, 1993. On January 20, 1994, he suffered a second injury and was unable to return to work until August 28, 1994. Mr. Desselle filed suit for declaratory judgment on compensation. However, the court was unable to grant Mr. Desselle his requested relief because he failed to present a justiciable issue. The problem was that Mr. Desselle was employed at the time of the suit by the employer he worked for when he suffered his injuries. The employer had modified his job duties to allow for his injuries, and he was earning more money at the time of the suit than he had prior to sustaining any of the injuries.

In *Maiden v. Crossroads of Louisiana, Inc.,* 95-1985 (La.App. 4 Cir. 7/24/96), 678 So.2d 75, *writ denied,* 96-2145 (La. 11/8/96), 683 So.2d 279, Maxine Maiden suffered a knee injury during employment activities on November 20, 1992. She continued to work until she was fired (for reasons unrelated to her injuries) on December 28, 1992. During the course of 1993 she received medical treatment for the injury. On November 24, 1993, she filed a claim for compensation with the Office of Worker's Compensation. The court held "Maiden had a 'developing injury' which manifested itself as disabling no earlier than December 28, 1992 and her claim was timely filed on November 24, 1993." *Id.* at 77. The court went on to state; "To further that policy, the phrase 'the time the injury develops' in last sentence of La. R.S. 23:1209(A) is liberally construed where the worker attempts to continue working

4

until no longer able to perform his or her employment duties." *Id.*

The court refused to find that her disability began prior to December 28, 1992, the date of termination of employment. "However the injury was not disabling and Maiden continued to work until December 28, 1992 when she was fired. Her injury became disabling on or after December 28, 1992 and she did not have a cause of action for a total disability claim until that time. Thus, her claim was timely on November 24, 1993." *Id.* at 77-78.

Maiden, just as Rita Dautriel, lost her employment position. In *Maiden*, the court found that she did not become disabled until the date of firing. Using this same analysis, Rita Dautriel did not become disabled until her job position was eliminated; therefore, the one year prescriptive period began to run on that date.

In *Aguiar v. Marriott Corp.,* 93-0563 (La.App. 4 Cir. 1/27/94) 632 So.2d 398, plaintiff began to experience difficulties with her hand in October 1990. In November 1990, the doctor recommended a two-week period off from work. On December 4, 1990, the doctor reported that Aguiar was doing better but should wear a brace and refrain from polishing with her right hand. On December 5, 1990, Aguiar either resigned because she was unable to work or was released because there were no modified duties available. On November 19, 1991, Aguiar filed a claim for compensation in the Office of Worker's Compensation. The defendants argued prescription. The court of appeal held that the claim was timely where claimants legal disability manifested itself as of date employer informed her that no unskilled work other than silver polishing was available.

In all the discussed cases, there was some incident of employment termination

5

either by the employer or the employee, and the court held that the date of termination began the one year prescriptive period.

This same analysis applies to the present claimant. Claimant suffered the second injury on September 22, 2001, and her job was terminated on June 30, 2002. Applying the developing injury rule in the last sentence of the statute, a claimant has one year from the date of termination to file suit. She could file no later than June 30, 2003. The claimant timely filed on March 25, 2003.

Because the claimant's cause of action is not prescribed, we therefore reverse and remand the case. The issue of penalties and attorney fees is reserved for a finding by the Workers' Compensation Judge.

**CONCLUSION**

We reverse the decision rendered by the Office of Workers Compensation, thus finding that Rita Dautriel's claim for compensation has not prescribed. This case is, therefore, remanded for further proceedings. Costs of this appeal are to be paid by the Defendant.

**REVERSED & REMANDED.**