469 So.2d 1219 (1985)
Dorothy CHEATHAM
v.
MORRISON, INC.
No. 84 CA 0358.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Robert E. Palmer, Ponchatoula, for plaintiff-appellant, Dorothy Cheatham.
Nita R. Gorrell & Robert W. Tillery of Tillery & Gorrell, P.L.C., Hammond, for defendants-appellees, Morrison, Inc. and Morrison Assurance Co., Inc.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
*1220 SHORTESS, Judge.
Dorothy Cheatham (plaintiff) has appealed the decision of the trial court which sustained Morrison, Inc.'s (defendant) peremptory exception of prescription and dismissed plaintiff's workers' compensation suit.
The issue is whether prescription was interrupted either by payment of wages to plaintiff in lieu of compensation while she was working on light duty and in pain or by an injury developing within one year prior to filing suit.

FACTS
On or about March 13, 1978, while engaged in her employment for defendant in Hammond, Louisiana, plaintiff was loading a case of glasses into a dishwasher when the case slipped and hit her in the side. She missed only a few days of work and returned to her job with a light duty slip from Dr. John Walker of Ponchatoula.
Plaintiff testified at the hearing on the exception that she was not paid workers' compensation for work missed; that she returned to the same work she had been doing; that she was on medication and worked in pain; that she was fired on June 13, 1978, for insubordination after a confrontation with her supervisor, who allegedly became angry with her for not being able to work fast enough. Plaintiff filed suit June 13, 1979.
Plaintiff contends that, despite additional medical and chiropractic treatment, the pain in her back and legs persists; that it has rendered her totally and permanently disabled; and that she has been unable to even perform light work for any other employer since her discharge.
Defendant argues that plaintiff's injury manifested itself at the time of the accident, so payments made to her upon her return to work were for wages actually earned. Plaintiff argues that she was on light duty after returning to work and worked in substantial pain. Therefore, she was not fully earning her wages, and payment of regular wages was in lieu of workers' compensation. She argues that prescription began to run only from the date of her last check. In the alternative, she urges either the two-or three-year prescriptive period provided for in LSA-R.S. 23:1209.
No expert medical testimony was taken except for the hearsay related by plaintiff in her testimony. Defendant presented no evidence, so plaintiff's testimony was uncontradicted.

PRESCRIPTION
Generally, suits for claims of workers' compensation benefits and medical payments must be filed within one year after the date of the accident. LSA-R.S. 23:1209. Mix v. Mougeot, 446 So.2d 1352 (La.App. 1st Cir.1984); Beverly v. State, Department of Health and Human Resources, 424 So.2d 446 (La.App. 5th Cir. 1982). When services rendered by a disabled employee after an accident are not commensurate with wages paid and the employee does not actually earn all of his pay, those wages generally are deemed to have been paid in lieu of compensation, interrupting the one-year statutory prescription. "The basic test is whether the wages paid subsequent to the injury were actually earned. The mere fact that the duties before and after the accident were similar or dissimilar, heavier or lighter, is relevant but not determinative of the issue. And whether the wages were actually earned is determined by the facts and circumstances of each particular case." Peck v. Orleans Levee Board, 353 So.2d 424, 426 (La.App. 4th Cir.1977); writ denied, 355 So.2d 259 (La.1978). Plaintiff admitted that although her doctor discharged her for light duty, she performed the same work as before and that she actually worked for the paycheck she received. Therefore, she did not receive wages in lieu of compensation.
The development of injury rule in the last sentence of LSA-R.S. 23:1209 has been interpreted by Louisiana jurisprudence to indicate that the prescriptive period begins to run when the employee is unable to substantially perform the duties of employment. Generally, the disability or injury "develops" the day the employee *1221 ceases employment due to the disability. The initial manifestation of the disability is not the determining factor; rather "development connotes the time when disability to perform work becomes manifest either to the injured employee or his employer, not merely when there is an occurrence of pain." Beverly, 424 So.2d at 448. Our courts emphasize encouraging rather than penalizing an employee who continues to work despite an injury that, in legal contemplation, proves to be a disability. Plaintiff may or may not have been able to perform either light or regular duty after first reporting back to work, but her legal disability was not manifest until June 13, 1978, when her employer found her work too slow as a direct result of her work-related injury. Bolden v. Georgia Casualty and Surety Company, 363 So.2d 419 (La. 1978); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956). Puglisi v. Saia Motor Freight Lines, 422 So.2d 1363 (La.App. 1st Cir.1982).
Accordingly, the trial court erred in sustaining the defendant's exception. We reverse and remand, at defendant's costs, for further proceedings consistent with this opinion.
REVERSED AND REMANDED.