809 So.2d 300 (2001)
Andrew P. ORTIS
v.
ORTCO CONTRACTORS, INC.
No. 2000 CA 1460.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
Rehearing Denied November 19, 2001.
James J. Bolner, Jr., New Orleans, Counsel for PlaintiffAppellantAndrew P. Ortis.
Christopher M. Landry, Metairie, Counsel for DefendantAppelleeOrtco Contractors, Inc.
Before: FITZSIMMONS, WEIMER, and DOWNING, JJ.
FITZSIMMONS, Judge.
Appellant, Andrew P. Ortis (Ortis), appeals from the Office of Workers' Compensation's grant of an exception of prescription *301 in favor of Ortco Contractors, Inc. (Ortco). We reverse.

FACTS
On July 7, 1992, Ortis, the sole owner, president, and salaried employee of Ortco, slipped and fell while working. Following the accident, he was unable to continue to work the same amount of time in his sales management role or to perform the same duties in his capacity as owner. Ortis continued to be paid the same salary he had received prior to the accident. He testified that he hired other people to compensate for his physical inabilities.
In 1995, he underwent lower back and neck surgery. On June 26, 1998, another operation was performed to repair the disc by the placement of a plate and screws in his neck. He continuously received the same salary, notwithstanding the fact that he was unable to perform any work for extended periods of time following each operation. Ortis filed a claim for workers' compensation on May 7, 1999. It is not disputed on appeal that the surgeries were related to the prior July 1992 injury; however, Ortco avers that Ortis' claim for workers' compensation benefits prescribed. Ortis asserts an interruption of prescription on the basis that the income he received at his employment subsequent to his injury should be classified as wages in lieu of compensation benefits.

LAW
Generally, a workers' compensation claim is barred unless asserted either one year from the date of the accident or, in instances when the injury does not result at the time of the injury, at a maximum of two years from the date of the accident. La. R.S. 23:1209 A. Prescription is interrupted by the payment of wages in lieu of compensation when suit is filed within one year of final wage payment. Lester v. Rebel Crane and Service Company, 393 So.2d 674, 676 (La.1981). Wages in lieu of compensation are deemed applicable when services rendered by a disabled employee after an accident are not commensurate with the wages paid and the employee does not actually earn all of his pay. Cheatham v. Morrison, Inc., 469 So.2d 1219, 1220 (La.App. 1st Cir.1985). The underlying test is whether the wages paid after the accident were actually earned. Id.; Peck v. Orleans Levee Board, 353 So.2d 424, 426 (La.App. 4th Cir.1977), writ denied, 355 So.2d 259 (La.1978). The burden of proof that prescription has not tolled lies with the claimant. Bledsoe v. Willowdale Country Club, 94-234 (La.App. 5 Cir. 9/27/94), 643 So.2d 1302, 1304. A determination of whether the wages were actually earned depends on the facts and circumstances of each case. Cheatham, 469 So.2d at 1220.
It was proven at trial that, following the accident, Ortis was unable to perform the same tasks he had undertaken. He had to rely on others to perform work that he had formerly done himself. The difficult aspect of the case before us rests with the executive role characterizing Ortis' employment position. As Ortis stated in his deposition, he "was wearing several hats." In 1992, he filled the dual role of both a salaried employee whose primary duty was sales, as well as the sole owner of the business with ultimate authority to make all executive decisions for the company. Thus the determination of whether he "actually earned" the salary that he was paid is not as clearly demarcated as it would be if Ortis' role in Ortco could be singularly narrowed to a diminished performance of the same work by an employee for an identical salary. See Cheatham, 469 So.2d at 1220; see also Lewing v. Vancouver Plywood Company, Inc., 350 So.2d 1320, 1322 (La.App. 3rd Cir.1977).
*302 Ortis stated that he hired other people to fill the hiatus in job functions he was unable to perform after he was injured. The records of Ortco reveal that he only missed two days of work during the six month period prior to his injury. Ortis missed 72 days in the remainder of 1992 after his accident. Thereafter, he was absent from work approximately 120 days per year through 1999. Ortis testified that in 1997, he employed the services of a payroll management company due to his increasing inability to oversee it personally. These facts are not challenged.
Under Louisiana law, prescriptive statutes are to be strictly construed against prescription and in favor of the claim that is said to be extinguished. Louisiana Health Service and Indemnity Company v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, 1098 (La.1994). In the instant matter, while the hiring of a payroll management company can be construed to relate to his executive position, the facts reveal that Ortis elected to receive payment in lieu of compensation for his labor as a salesman. A comparison of his pre-accident and post-accident performances demonstrates that, following Ortis' injury, his services as a managing salesman were patently disproportionate to his wages. To the extent that the workers' compensation judge rendered her determination of a factual conclusion that Ortis, as an employee, received wages commensurate with his performance, she manifestly erred. Bynum v. Capital City Press, Inc., 95-1395 (La.7/2/96), 676 So.2d 582, 586. The continuous receipt of the same sum of wages by Ortis interrupted the commencement of the prescriptive period until the payments by Ortco ceased. Cheatham, 469 So.2d at 1220. Once Ortis was no longer able to be paid for his labor, prescription commenced running against his entitlement to workers' compensation.
The decision by the Office of Workers' Compensation is reversed. Judgment is entered for the plaintiff. The matter is remanded for a determination of the extent and classification of the disability to be assigned to Ortis and the fixing of the amount of compensation. Costs associated with this appeal are assessed to Ortco Contractors, Inc.
REVERSED AND REMANDED.