836 So.2d 450 (2002)
John W. PERTUIS
v.
ARCHITECTURAL FABRICATIONS, INC.
No. 2001 CA 2684.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
Daniel Becnel, LaPlace, Counsel for Appellant John Pertuis.
Gregory Unger, Metairie, Counsel for Appellee Architectural Fabrications, Inc.
Before: KUHN, DOWNING, and GAIDRY, JJ.
KUHN, J.
Claimant-appellant, John W. Pertuis, appeals a judgment of the Office of Workers' Compensation (OWC) sustaining a peremptory exception raising the objection of prescription filed by employer Architectural Fabrications, Inc. (AFI). We amend and, as amended, affirm.

FACTUAL AND PROCEDURAL HISTORY
On November 2, 2000, claimant filed a disputed compensation form, averring that *451 on September 3, 1996, while working as a welder for AFI, he fell off a fabrication table and sustained an injury to his right elbow. He identified the failure of AFI or its workers' compensation insurer, Kemper Insurance Company of Plantation, Florida (Kemper Insurance), to pay a doctor's bill as the basis of his bona fide dispute. On June 15, 2001, claimant filed a pleading entitled, "RULE TO SHOW CAUSE WHY BENEFITS SHOULD NOT BE REINSTATED," alleging his benefits were terminated on May 24, 2001, although he continued to be disabled and was receiving medical treatment.
AFI filed a peremptory exception on June 19, 2001, objecting to claimant's entitlement to indemnity benefits on the basis of prescription and, alternatively, raising the objection of no cause of action. Attached to the exception was, among other things, claimant's previously-filed disputed claim form, dated September 9, 1999, alleging as the basis of the bona fide dispute a denial in his choice of physicians.
On June 25, 2001, OWC held a hearing on both claimant's rule to show cause pleading and AFI's exception. After receiving testimonial and documentary evidence, the workers' compensation judge (WCJ) sustained the exception of prescription. A judgment in conformity with the OWC ruling was signed. This appeal by claimant followed.

DISCUSSION
On appeal, claimant acknowledges that he is not entitled to compensation for the left elbow injury as a result of the September 3, 1996 accident. Instead he maintains that the left elbow injury is distinct from the right elbow injury. Thus, claimant concedes that he is not entitled to indemnity benefits based on a theory that the left elbow injury developed out of or as a result of the right elbow disability. Because the record shows claimant's first disputed claim, filed on September 9, 1999, was well beyond the two years required for commencement of a proceeding under La. R.S. 23:1209 A,[1] we agree that on the face of his claim, it is forever barred under a theory of developmental injury.
Louisiana Revised Statute 23:1021(1) defines an accident as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." In order to recover workers' compensation benefits, an employee must show that he received a personal injury by accident arising out of and in the course and scope of his employment and that said injury necessitated medical treatment or rendered the employee disabled, or both. Williams v. Sheridan Constr. Co., Inc., XXXX-XXXX, p. 16 (La.App. 1st Cir.9/28/01), 811 So.2d 8, 12, writ denied, *452 2001-2865 (La.1/11/02), 807 So.2d 239. And it is the employee's burden of proof to establish a work-related accident by a preponderance of the evidence. Id.
At the hearing, claimant testified that although he injured his right elbow in the September 3, 1996 accident, he did not injure his left arm at all. Kemper Insurance paid all the medical expenses associated with the right elbow injury including two surgeries. Claimant continued working as a welding fabricator until November 26, 1998, when he was laid off due to a reduction in force. He explained that shortly after his layoff, AFI declared bankruptcy. Claimant stated that subsequent to each surgery, in order to accomplish his work duties because of the pain he experienced in his right arm when any pressure was placed on it, he had to primarily use his left arm. As a result of the overuse of his left arm, according to claimant's testimony, he began complaining of pain in his left elbow around September of 1998.
Included in the record is claimant's deposition testimony in which he acknowledged that between September 3, 1996, and his layoff, he was not involved in any other accidents.
The record is devoid of any evidence to support a finding that the left elbow condition was a result of a work-related accident. Without evidence of an accident, claimant simply has not proven entitlement to benefits as a result of the left elbow condition. Mindful that the claimant's rule to show cause why benefits should not be reinstated was before the WCJ at the hearing, whether prescription accrued on a claim for which claimant is not entitled to recover indemnity benefits is of no moment. Claimant simply failed to prove entitlement to workers' compensation benefits. But the OWC judgment only states that the exception of prescription is granted, without expressly dismissing claimant's claims.
Even if, solely for purposes of addressing the WCJ's grant of the exception of prescription, we were to assume a work-related accident occurred, see Daisey v. Time Warner, 98-2199, p. 5 (La.App. 1st Cir.11/5/99), 761 So.2d 564, 567, the claim nevertheless fails. Claimant asserts that indemnity benefits paid to him by Kemper Insurance, made retroactive to December 11, 1998, interrupted prescription on his claim of left elbow injury. He asserts under La. R.S. 23:1209 A, he had one year from the date Kemper Insurance ceased those payments, i.e., from May 24, 2001, to initiate his claim. Thus, he maintains that the June 19, 2001 pleading, which he designated as a rule to show cause why benefits should not be reinstated, is timely.
Claimant testified that he discussed receipt of benefits with Kemper Insurance claims adjuster, Elaine Lane, although he did not identify the date that he spoke with her. He recalled that Lane "needed the paper about my [left] arm," which he faxed to her. Lane then requested that claimant provide her with his check stubs, which he also faxed to her. Claimant said after that, compensation benefits commenced retroactive to December 11, 1998.
Kemper Insurance payment records and a document entitled, "Notice of Payment" were admitted into evidence at the hearing by AFI. The "Notice of Payment" form completed by Lane states that payment was tendered to claimant as a result of his right arm disability. The month portion of the referenced date of the accident is missing, i.e., the first digit which sets forth the month is not filled in, and the date shows "___396," as the day and the year of the accident that forms the basis of Kemper Insurance's tender of payments.
*453 The standard of review for the factual findings of the WCJ is manifest error/clearly wrong. Doucet v. Baker Hughes Production Tools, 93-3087, p. 4 n. 3 (La.3/11/94), 635 So.2d 166, 168 n. 3; Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 709-10.
Clearly, the WCJ was free to rely on the statements set forth in the "Notice of Payment" form over claimant's testimony to find that the December 11, 1998 tender of payments by Kemper Insurance to claimant was for the right arm disability. In light of the documentary evidence in this record, that factual conclusion by the WCJ is not clearly wrong or manifestly erroneous. Because no proceedings had begun within two years of the September 3, 1996 accident, the claim for payments arising from the right elbow injury is untimely under La. R.S. 23:1209 A. And the WCJ's ruling sustaining AFI's exception of prescription was correct.
Louisiana Code of Civil Procedure 934 states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
On his rule to show cause why benefits should not be reinstated, claimant failed to prove a work-related accident caused his left elbow injury. Thus, he is not entitled to benefits, and amendment of the pleadings cannot revive the claim. Therefore, although the OWC judgment states only, "[t]he EXCEPTION OF PRESCRIPTION IS [SUSTAINED]," under the facts of this case, it duly effectuated a dismissal of claimant's claim. Accordingly, we amend the judgment to expressly dismiss claimant's claim for indemnity benefits based on the left elbow injury. See La. C.C.P. art. 2164.

CONCLUSION
For these reasons, the OWC judgment is amended to expressly state, "Claimant's claim is dismissed." With this modification, the judgment sustaining the exception of prescription is affirmed. Costs of this appeal are assessed to claimant-appellant, John Pertuis.
AMENDED AND, AS AMENDED, AFFIRMED.
DOWNING, J., dissents and assigns reasons.
DOWNING, J., dissents and assigns reasons.
I respectfully dissent. After the injury to his right arm, Mr. Pertuis continued to work as a welder by exclusively using his left arm. The testimony demonstrated that this overcompensation caused the injury to his left arm. The employer and the workers' compensation insurer were aware of his left arm injury and authorized payment for his medical expenses. The record indicates that Pertuis received his full paycheck when he was at home convalescing. After returning to work he continued being paid in full even when taking off several hours a day to go to his doctor and for physical therapy visits.
These payments can only be construed as wages paid in lieu of compensation. Wages in lieu of compensation are deemed applicable when the employee does not actually earn all of his pay. Ortis v. Ortco Contractors, Inc., 00-1460, p. 2 (La.App. 1 Cir. 9/28/01), 809 So.2d 300, 301. Prescription is interrupted by the payment of wages in lieu of compensation in a workers' *454 compensation case. Id. A claimant may prove he was lulled into a false sense of security by showing that words, actions or inaction on the part of the employer or insurer induced him to withhold suit until his claim prescribed. Daisey v. Time Warner, 98-2199, p. 5 (La.App. 1 Cir. 11/5/99), 761 So.2d 564, 567. Accordingly, Pertuis's claim for injury to his left arm had not prescribed when he filed for benefits. Therefore, he should be allowed to pursue his claim. Prescription statutes are to be strictly construed in favor of maintaining rather than barring actions. Howard v. Trelles, 95-0277, p. 4 (La.App. 1 Cir. 2/23/96), 669 So.2d 605, 607.
NOTES
[1] The time period for filing a claim for workers' compensation benefits is governed by La. R.S. 23:1209, which states in relevant part:

A. In case of personal injury ... all claims for payments shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided ... in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.