| ¡.GAIDRY, J.
This is an appeal from the Office of Workers’ Compensation Administration, District 5, brought by the employer-appellant, Barber Brothers Contracting Company, LLC (Barber Brothers), challenging the judgment of the workers’ compensation judge in favor of the claimant-appel-lee, Robert W. Reilly. We affirm.
PERTINENT FACTS AND RULING OF THE LOWER COURT
The employee claimant, Mr. Reilly, claimed to have been injured in a work-related accident on December 4, 2000, but did not report the accident until a week later. Based upon that circumstance and a number of other allegedly suspicious circumstances, Barber Brothers filed a contested claim with the Louisiana Workers’ Compensation Administration, challenging Mr. Reilly’s right to compensation benefits and further seeking the imposition of civil and criminal penalties under La. R.S. 23:1208 and 1208.1. Mr. Reilly reconvened for compensation benefits, medical expenses, and statutory penalties. Barber Brothers denied liability to Mr. Reilly on the grounds that a compensable accident did not occur, and alternately contended at trial that Mr. Reilly was not entitled to supplemental earnings benefits (SEB) after August 15, 2001, as Mr. Reilly was previously approved by his physicians as capable of performing light-duty work and was offered light-duty jobs with wages more than 90 percent of his average weekly wage by letter of the foregoing date.
*196 Prior to trial, the parties stipulated that Barber Brothers had mailed a letter to Mr. Reilly on May 17, 2002, outlining available light-duty jobs specifically approved by the treating physicians, and that Mr. Reilly had received it. Following the trial on the merits, the workers’ compensation judge provided oral reasons for judgment, including his findings of fact. | .Judgment was rendered on the same day and signed later on March 7, 2003, dismissing Barber Brothers’ claims in its principal demand, and awarding Mr. Reilly SEB from April 27, 2002, through May 17, 2002, subject to credit for full salary paid prior to commencement of the weekly indemnity benefits paid. Additionally, the workers’ compensation' judge found that Barber Brothers’ premature discontinuance of SEB as of April 27, 2002, was arbitrary and capricious, entitling Mr. Reilly to $4,000.00 in attorney’s fees
ISSUES PRESENTED
Barber Brothers does not appeal that portion of the adverse judgment dismiss,-ing its principal demand. Instead, it appeals that portion rendering judgment in favor of Mr. Reilly, assigning as error the workers’ compensation judge’s findings that Mr. Reilly suffered a work-related accident and that he was entitled to SEB, and the basis of the award of attorney’s fees.
REASONS
In a workers’ compensation case, as in other civil cases, the appellate court’s review of factual findings is governed by the manifest error or clearly wrong standard. Pertuis v. Architectural Fabrications, Inc., 01-2684, p. 6 (La.App. 1st Cir.12/20/02), 836 So.2d 450, 453, writ denied, 03-0231 (La.4/4/03), 840 So.2d 1216. A workers’ compensation claimant has the burden of proof to establish that a work-related accident occurred by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). In determining whether a worker has shown by a preponderance of the evidence that an injury-causing accident occurred in the course and scope of employment, the trier of fact is expected to focus on the issue of credibility because, absent contradictory circumstances and evidence, a claimant’s testimony is afforded great weight. Id. In Bruno, the | Louisiana Supreme Court stated that a worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Id. Therefore, if the worker testifies that he suffered an accident, a court must then look to see if the Bruno elements are satisfied. Coats v. American Tel. & Tel. Co., 95-2670, p. 5 (La.10/25/96), 681 So.2d 1243, 1245.
Although Barber Brothers did raise significant doubts as to the causation of Mr. Reilly’s medical condition and did cast doubt upon his credibility in some respects, we cannot conclude that the workers’ compensation judge erred in finding that Mr. Reilly’s version of the accident was credible and corroborated by the circumstances following the accident. Even if Mr. Reilly’s version of the accident was placed in doubt by the late report of the accident and his continuing to work after its occurrence, the workers’ compensation judge’s ultimate determination that his testimony was credible cannot be disturbed in the absence of manifest error. As we observed in Fabre v. ICF Kaiser International, 01-2734, p. 6 (La.App. 1st Cir.11/8/02), 835 So.2d 724, 728, a case involving the same' issue, an employee *197 should not be barred from recovery because he did not realize or diagnose the full extent of his injury immediately after it happened.
Likewise, we find no manifest error in the finding that Mr. Reilly had proven his entitlement to the SEB awarded. In that regard, we expressly note that the light-duty positions offered by Barber Brothers in its letter of August 15, 2001 were not objectively defined nor specifically approved by the treating physician at that time, as Barber Brothers itself was still seeking a functional capacities examination to establish the parameters of | .¡permissible work. That examination was not accomplished until January 24, 2002, and Mr. Panepinto, Barber Brothers’ risk manager, admitted at the hearing that “[i]t was not Mr. Reilly’s fault” that he did not return to a light-duty position prior to that time. Its assignment of error in that regard has no merit. We further find no abuse of discretion in the award of attorney’s fees made pursuant to La. R.S. 23:1201.2, or in the amount of such award. See Stevens v. Wal-Mart Stores, Inc., 27,977, p. 6 (La.App. 2nd Cir.11/1/95), 663 So.2d 543, 547.
DECREE
We find no manifest error or abuse of discretion on the part of the workers’ compensation judge, and accordingly affirm the judgment through this memorandum opinion, pursuant to Rule 2-16.1(B) of the Uniform Rules of the Louisiana Courts of Appeal.
AFFIRMED.