# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 05-1294

**WILEY E. MAULDIN**

**VERSUS**

**TOWN OF CHURCH POINT**

**************
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, DOCKET NUMBER 04-08633
SHARON M. MORROW, WORKERS' COMPENSATION JUDGE

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Ulysses G. Thibodeaux, Chief Judge, Sylvia R. Cooks, and James T. Genovese, Judges.

**AFFIRMED IN PART;**
**REVERSED IN PART**.

Michael K. Leger
Attorney at Law
806 South Main Street
Opelousas, Louisiana 70570
(337) 948-9066
COUNSEL FOR PLAINTIFF/APPELLEE:
    Wiley E. Mauldin

Christopher R. Philipp
Law Office of Christopher R. Philipp
120 Caillouet Place
P.O. Box 2369
Lafayette, Louisiana 70502
(337) 235-9478
COUNSEL FOR DEFENDANT/APPELLANT:
    Town of Church Point

**COOKS, Judge.**

This is a workers' compensation case. The parties stipulated to the relevant facts prior to trial. Wiley Mauldin was a police officer patrolman for the Town of Church Point (Town). On March 15, 2002 he sustained a work-related left shoulder injury while breaking up a fight at the police station. At the time of his injury, he was earning patrolman wages of $7.50 per hour, plus $300.00 per month in state supplemental pay, and $100.00 per month in parish supplemental pay. Following the accident, he continued to work, but because of shoulder pain, was assigned to light duty work as a police dispatcher. He worked as a dispatcher from March 15, 2002 until June 17, 2002. During this time, the Town paid him full patrolman wages even though he was only able to work light duty as a dispatcher. Mr. Mauldin resumed his full duties as a patrolman on June 17, 2002 through June 27, 2003, after which time he resigned for personal reasons unrelated to his work-related injury. He was rehired as a patrolman on May 9, 2004 and underwent shoulder surgery on September 29, 2004. From September 29, 2004 until October 31, 2004, while recovering from surgery, he did not work. On October 31, 2004, he returned to light duty work as a dispatcher receiving his full patrolman's salary. On January 14, 2005, he returned to work as a full duty patrolman.

When the Town refused to pay Mr. Mauldin supplemental earnings benefits (SEB) from September 29, 2004 to October 31, 2004, while he was recovering from shoulder surgery, Mr. Mauldin filed a disputed claim for compensation seeking SEB, penalties and attorney fees on November 22, 2004. The Town filed an Exception of Prescription. The Town asserted Mr. Mauldin's claim was prescribed on its face since no disability benefits of any type were ever paid to him as a result of the March 15, 2002 accident. The workers' compensation judge (WCJ) found the wages paid

2

to Mr. Mauldin during the time he was working as a dispatcher were payments in lieu of compensation which interrupted prescription on the SEB claim. However, the WCJ failed to award penalties and attorney fees, finding the Town's denial of benefits was reasonable but "maybe a little hard-nosed." The Town has appealed the decision of the WCJ. Additionally, Mr. Mauldin filed an Answer to the Appeal on the issue of penalties and attorney fees and has also asked for attorney's fees for work done on appeal. For the reasons assigned below, we affirm the decision of the WCJ on the issue of prescription. We reverse the decision of the WCJ denying penalties and attorney fees. We award a penalty in the amount of $750.00 and attorney fees in the amount of $1,000.00. We also award attorney fees of $2,000.00 for work done on appeal.

## LAW AND DISCUSSION

*Prescription*

The WCJ found the wages paid to Mr. Mauldin during the time he worked as a dispatcher from March 15, 2002 until June 17, 2002 were payments in lieu of compensation which payments interrupted prescription on the SEB claim. Wages in lieu of compensation are applicable when the services rendered by the disabled employee after the accident are not commensurate with the wages paid and the employee does not actually earn all of his pay. *Cheatham v. Morrison, Inc.*, 469 So.2d 1219 (La.App. 1 Cir. 1985); *Ortis v. Ortco Constructors, Inc.*, 00-1460 (La.App. 1 Cir. 9/28/01), 809 So.2d 300. "The determination of whether the wages were actually earned depends on the facts and circumstances of each case." *Ortis,* 809 So.2d at 301. The record established Mr. Mauldin was making $7.50 per hour as a patrolman for the Town. The Town continued to pay him at this rate even though his job responsibilities and duties after the accident were drastically reduced. As a

3

dispatcher, Mr. Mauldin testified he was given an office job which required him to keep a log of radio calls, run vehicle license and registration checks and track the activities of various officers. The testimony indicates the starting pay rate for dispatchers was $5.67 per hour with the same supplemental pay as a patrolman. The four dispatchers at the time of Mr. Mauldin's accident earned $6.61, $5.84, $7.21 and $5.84 per hour plus the same supplemental pay as a patrolman. The most experienced dispatcher only earned $7.21 per hour even though she had more seniority on the force (ten years) than Mr. Mauldin, possessed all the law enforcement qualifications Mr. Mauldin possessed and had more duties in the dispatcher department than any other dispatcher. Moreover, Mr. Mauldin had no dispatching experience at all when he was reassigned to light duty dispatching following his work-related accident. Based on the evidence presented, we find no error in the finding of the WCJ that the wages Mr. Mauldin received as a dispatcher, which were higher than all other dispatchers, were payments made in lieu of compensation benefits which Mr. Mauldin would clearly have been entitled to under the statute. *See Cheatham v. Morrison, Inc.*, 469 So.2d 1219 (La.App. 1 Cir. 1985); *Ortis v. Ortco Constructors, Inc.*, 00-1460 (La.App. 1 Cir. 9/28/01), 809 So.2d 300.

Having determined the last SEB payment was made on June 17, 2002, the WCJ correctly found Mr. Mauldin had three years to file a disputed claim for compensation. Louisiana Revised Statutes 23: 1209 provides, in relevant part:

A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, *except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits*

4

*pursuant to R.S. 23:1221(1), (2), or (4).*

(Emphasis added.)

Supplemental earnings benefits are provided for pursuant to La.R.S. 23:1221(3). A claimant has three years from the time of the last payment to file for benefits. Mr. Mauldin filed his claim on November 22, 2004, within the three year period under the statute. Accordingly, we affirm the denial of the Town's Exception of Prescription.

*Penalties and Attorney Fees*

Louisiana Revised Statutes 23:1201(F) provides, in relevant part:

> Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.

The WCJ found the claim was "reasonably controverted" by the Town. We disagree. Under the jurisprudence a claim is reasonably controverted if the employer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. *Allen v. Louisiana Wood Moulding Corp.*, 29,947 (La.App. 2 Cir. 1/23/98), 706 So.2d 636. In cases where the facts are not in dispute, an employer could reasonably controvert a legal issue involving a statutory defense where the "issue was not conclusively resolved by the jurisprudence at the time that the claim was made." *Williams v. Regional Transit Authority*, 546 So.2d 150, 162 (La. 1989); *Allen,* 706 So.2d 636. In other words, "in order to avoid penalties and attorney fees under the 'reasonably controverted' test, the employer must propose a defense having a sound basis in fact or in law." *Allen,* 706 So.2d at

5

642.

In the present case, it was undisputed Mr. Mauldin injured his shoulder on March 15, 2002 while in the course of his employment. The Town continued to pay wages to Mr. Mauldin, in lieu of compensation benefits, as a result of the accident during the time he was assigned to light duty work. The Town was aware the surgery which was performed on September 29, 2004 was a direct result of the accident. While he was at home recovering for a month after surgery, the Town made the decision to withhold his wages asserting any claim Mr. Mauldin had as a result of his March 15, 2002 injury had prescribed. We find this claim was not reasonably controverted and the withholding of one month of benefits was not reasonable. Accordingly, we assess a $750.00 penalty against the Town of Church Point and award $1,000.00 in attorney fees.

Mr. Mauldin has also requested attorney fees for work done on appeal. An increase in attorney fees is warranted on appeal when the appellant unsuccessfully appeals, and the appeal necessitates additional work. *Roque v. Shell Beach Trucking*, 02-1305 (La.App. 3 Cir. 5/7/03), 844 So.2d 1111. We award an additional $2,000.00 for work done on appeal.

## DECREE

Based on the foregoing review of the record, we affirm the decision of the workers' compensation judge denying the Exception of Prescription. We reverse the decision of the workers' compensation judge denying a penalty and attorney fees. We award a penalty in the amount of $750.00 and attorney fees in the amount of $1,000.00. We also award attorney's fees of $2,000.00 for work done on appeal. All costs of this appeal are assessed to the Town of Church Point.

**AFFIRMED, IN PART; REVERSED, IN PART.**