GAIDRY, J.
 

 An employee appeals the judgment of the Office of Workers’ Compensation, dismissing his claim for workers’ compensation for an occupational disease. For the following reasons, we affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 The claimant, Joe A. Williams, was a longtime employee at the Bogalusa paper mill operated by Temple Inland, Inc., his employer, and its predecessors.
 
 [1]
 
 Mr. Williams first began working at the paper mill in October 1969, and worked there in various positions until March 2005. He officially retired in October 2005.
 

 On April 19, 2006, Mr. Williams filed a Disputed Claim for Compensation, claiming that he has sustained “respiratory problems” from chemical exposure and that those problems had constantly gotten worse over time until he was eventually hospitalized in March 2005. Mr. Williams’s pulmonary condition has over the years been consistently diagnosed as asthma, with possible elements of chronic obstructive pulmonary disease and reactive airways disease syndrome, or RADS.
 

 This matter was tried before the workers’ compensation judge (WCJ) on March 19, 2008. At the conclusion of the trial, the WCJ took the matter under advisement for decision. Following submission of detailed post-trial memoranda, the WCJ issued written reasons for judgment and signed a judgment on June 25, 2008, dismissing Mr. Williams’s claim. A copy of the WCJ’s Written Reasons, detailing the evidence and testimony presented at trial, is attached to this opinion as an addendum.
 

 Mr. Williams now appeals.
 

 ASSIGNMENTS OF ERROR
 

 Mr. Williams has listed eight separate assignments of error, but all essentially relate to the WCJ’s factual findings and the weight of the evidence upon which she based her decision that he failed to meet his burden of proof that he contracted an occupational disease that arose out of and in the course and scope of his employment. Thus, the central issue presented for our determination is whether the WCJ was clearly wrong in concluding that Mr. Williams failed to meet that burden of proof by a preponderance of the evidence.
 

 ANALYSIS
 

 In a workers’ compensation case, as in other civil cases, the appellate court’s review of factual findings is governed by the manifest error or clearly wrong standard.
 
 Pertuis v. Architectural Fabrications, Inc.,
 
 01-2684, p. 6 (La.App. 1st Cir.12/20/02), 836 So.2d 450, 453,
 
 writ denied,
 
 03-0231 (La.4/4/03), 840 So.2d 1216. The two-part test for the appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trial court, and (2) whether the record further establishes
 
 *762
 
 that the finding is not manifestly erroneous.
 
 Mart v. Hill,
 
 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the WCJ’s finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a WCJ’s factual finding only if, after reviewing the record in its entirety, it determines the WCJ’s finding was clearly wrong.
 
 Dressel v. Topeka Transfer & Storage,
 
 02-0779, pp. 4-5 (La.App. 1st Cir.3/28/03), 844 So.2d 288, 291. If the findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). Thus, where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Stobart v. State ex rel. Dep’t of Transp. & Dev.,
 
 617 So.2d 880, 883 (La.1993).
 

 The trial court’s finding regarding causation is a factual finding and must be reviewed under the manifest error standard.
 
 Robling v. Allstate Ins. Co.,
 
 97-0582, p. 4 (La.App. 1st Cir.4/8/98), 711 So.2d 780, 783. Mr. Williams correctly emphasizes that Louisiana courts should interpret workers’ compensation laws liberally in order to afford coverage.
 
 See Coats v. Am. Tel. & Tel. Co.,
 
 95-2670, p. 4 (La.10/25/96), 681 So.2d 1243, 1245. However, despite such liberal construction, the claimant’s burden of proof as to causation is not relaxed and must be shown by a preponderance of the evidence.
 
 Id.
 

 Every employee who is disabled because of the contraction of an occupational disease is entitled to receive workers’ compensation benefits. La. R.S. 23:1031.1(A);
 
 Seal v. Gaylord Container Corp.,
 
 97-0688, p. 5 (La.12/02/97), 704 So.2d 1161, 1164. An occupational disease is defined as “only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease.” La. R.S. 23:1031.1(B). The causal link between the employee’s illness and work-related duties must be established by a reasonable probability.
 
 Seal,
 
 97-0688 at p. 6, 704 So.2d at 1165.
 

 Mr. Williams’s physicians’ opinions on the relationship of his complaints to his employment were based largely on the history provided by Mr. Williams. In her detailed written reasons for judgment, the WCJ took notice of the admissions of several of Mr. Williams’ treating physicians that they were unaware of the significant fact that he resided on a tree farm for many years, as well as information relating to his history and treatment by other physicians. She further expressly noted a number of inconsistencies in Mr. Williams’s testimony and the evidence relating to his medical history, onset of symptoms, and treatment. Of particular significance were the prior history and description of symptoms, provided by Mr. Williams to Dr. Merlin Wilson and Dr. Lee Roy Joyner (two of his treating physicians), that his symptoms did not improve when he was away from the environment of the mill. The medical evidence and testimony uniformly suggest that such a circumstance would be inconsistent with occupational asthma, as such improvement by history is the most important diagnostic criterion for occupational asthma.
 

 The rule that questions of credibility are for the trier of fact applies also to the evaluation of expert testimony.
 
 Lirette v. State Farm Ins. Co.,
 
 563 So.2d 850, 853 (La.1990). A trial court may accept or reject in whole or in part the opinion expressed by an expert. The effect and weight to be given expert testimony is within the broad discretion of the trial
 
 *763
 
 judge.
 
 Rao v. Rao,
 
 05-0059, p. 14 (La.App. 1st Cir.11/4/05), 927 So.2d 356, 365,
 
 writ denied,
 
 05-2453 (La.3/24/06), 925 So.2d 1232. It is the function of the WCJ to assess the weight to be accorded both the lay and the medical testimony, and the court may accept or reject the opinion of a medical expert depending upon what impression the qualifications, credibility, and testimony of that expert make on the court.
 
 Ivy v. V’s Holding Co.,
 
 02-1927, p. 7 (La.App. 1st Cir.7/2/03), 859 So.2d 22, 28.
 

 Medical testimony, albeit significant, is not conclusive as to the issue of causation, which is generally the ultimate fact to be decided by the court after weighing all the evidence.
 
 Peveto v. WHC Contractors,
 
 93-1402 (La.1/14/94), 630 So.2d 689, 691. Medical testimony must be weighed in the light of other credible evidence of a non-medical character, such as a sequence of symptoms or events in order to judicially determine probability.
 
 Schouest v. J. Ray McDermott & Co., Inc.,
 
 411 So.2d 1042, 1044-45 (La.1982). The credibility of the plaintiff is especially significant when a physician must relate a medical condition to an accident when it is the plaintiff who provides a physician with a history of his symptoms.
 
 Mart v. Hill,
 
 496 So.2d 1149, 1152 (La.App. 4th Cir.1986),
 
 reversed on other grounds,
 
 505 So.2d 1120 (La.1987). Similarly, a claimant’s lack of credibility on factual issues can serve to dimmish the veracity of his complaints to a physician.
 
 Bass v. Allstate Ins. Co.,
 
 32,652, p. 13 (La.App. 2nd Cir.1/26/00), 750 So.2d 460, 467. Thus, in many cases the credibility of the history given by the claimant to his physicians becomes as important as the medical opinions based in part on that history.
 
 See Cheatum v. Wackenhut Corp.
 
 346 So.2d 888, 890 (La.App. 4th Cir.1977).
 

 Both parties have fully and cogently set forth the opposing evidence before the WCJ and those factors favoring their positions. The trial evidence, taken
 
 in toto,
 
 admits of two opposing views on the issue of causation. As the WCJ’s finding on the issue of causation was based upon her determination of witness credibility, it is entitled to great deference.
 
 See Rosell,
 
 549 So.2d at 844. Although we may have reached a different result if we were determining this issue as trier of fact, we cannot find that the WCJ’s determination regarding this issue was manifestly erroneous.
 
 [2]
 

 See Stobart,
 
 617 So.2d at 882. Accordingly, we must affirm the judgment of the WCJ.
 

 DECREE
 

 The judgment of the Office of Workers’ Compensation, dismissing the claim of the claimant, Joe A. Williams, is affirmed. All costs of this appeal are assessed to the claimant.
 

 AFFIRMED.
 

 [[Image here]]
 

 
 *764
 
 [[Image here]]
 

 
 *765
 
 [[Image here]]
 

 
 *766
 
 [[Image here]]
 

 
 *767
 
 [[Image here]]
 

 
 *768
 
 [[Image here]]
 

 
 *769
 
 [[Image here]]
 

 
 *770
 
 [[Image here]]
 

 
 *771
 
 [[Image here]]
 

 
 *772
 
 [[Image here]]
 

 
 *773
 
 [[Image here]]
 

 
 *774
 
 [[Image here]]
 

 
 *775
 
 [[Image here]]
 

 [1]
 

 . Two of the prior operators of the paper mill were Crown-Zellerbach Corporation and Gaylord Container Corporation.
 

 [2]
 

 . Because we affirm the judgment on the merits, it is unnecessary for us to address the issue of prescription raised by the defendant employer,