McClendon, j.
12An employee appeals a judgment of the Office of Workers’ Compensation (OWC) that granted the employer’s exception raising the objection of prescription, which dismissed the employee’s disputed claim for compensation. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 25, 2002, Jerry Dupre suffered an injury while in the course and scope of his employment as a machinist at Surbo Tubular Services (Surbo). Mr. Dupre initially received workers’ compensation indemnity payments until March 2004, when he returned to work for Surbo. Due to the nature of his injuries and work restrictions, Mr. Dupre was unable to return to his pre-injury position. Surbo accommodated Mr. Dupre’s work restrictions and allowed him to return to work in a modified duty position. Mr. Dupre was paid an hourly rate similar to his pre-injury wage.
Surbo, because of Mr. Dupre’s experience in quality control and in an attempt to further accommodate Mr. Dupre’s restrictions, offered him a position as a supervisor in 2004 or 2005. In his position as supervisor, Mr. Dupre earned significantly more than he had as a machinist or in his modified duty position.
On February 9, 2011, Mr. Dupre, after his treating physician restricted him from any work activity following surgery/ terminated his employment with Surbo. In April 2011, Mr. Dupre filed a disputed claim for compensation, seeking wage benefits, disability status, costs, penalties, interest, and attorney’s fees arising from the October 25, 2002 work-related accident. In response, Surbo and its worker’s compensation carrier, Amerisafe Risk Services, Inc., (hereinafter collectively “the Employer”), filed an exception raising the objection of prescription. Following a hearing, the OWC granted the Employer’s exception.
Mr. Dupre has appealed, asserting that the OWC erred in granting the Employer’s exception raising the objection of prescription.
IsDISCUSSION
The relevant prescriptive period for filing a claim for benefits is found in LSA-R.S. 23:1209, which provides, in pertinent part:
A. (1) In case of personal injury, including death resulting. therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
Mr. Dupre notes that the Employer paid indemnity benefits until March 4, 2004 and that he did not file his formal disputed claim for compensation until April 6, 2011. As such, Mr. Dupre concedes that his claim is prescribed on its face pursuant to *1092 LSA-R.S. 23:1209 and that he has the burden to show that prescription has been interrupted in some manner. See Flowers v. Container, 06-1473 (La.App. 1 Cir. 5/4/07), 960 So.2d 1053,1054.
Mr. Dupre asserts that the prescriptive period was interrupted because the Employer paid him wages in lieu of compensation. See Ortis v. Ortco Contractors, Inc., 2000-1460 (La.App. 1 Cir. 9/28/01), 809 So.2d 300, 301 (“Prescription is interrupted by the payment of wages in lieu of compensation when suit is filed within one year of final wage payment.”) Wages in lieu of compensation are deemed applicable when services rendered by a disabled employee after an accident are not commensurate with the wages paid and the employee does not actually earn all of his pay. Ortis, 809 So.2d at 301. The underlying test is whether the wages paid after the accident were actually earned. Id. A determination of whether the wages were actually earned depends on the facts and circumstances of each case. Id.
Mr. Dupre avers that it is undisputed that he suffered a work-related injury while in the course and scope of his employment and that he was paid unearned wages by the Employer while on company time to attend doctors’ visits Land receive medical treatment for his injury. Mr. Dupre contends that these unearned wages are by their very nature “wages in lieu of compensation.”
In Love v. East Jefferson General Hospital, 96-1558 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, 1248, this court concluded that “the mere fact that [the] employer allowed [the employee] to receive treatment for her injury while she was ‘on company time’ is insufficient evidence to support a finding that the wages paid to [the employee] ... were in lieu of compensation benefits.” The court noted that there was no evidence in the record that would support a finding that the employee was receiving wages after the accident without having actually earned them. Id.
Mr. Dupre, a salaried employee holding the position of supervisor, testified that he worked more than forty hours per week on average. He also testified that he was required to work on scheduled Saturdays and came in additional times when he was on call. Mr. Dupre acknowledged that he did not have to make up any missed hours for appointments on company time because he worked more than a regular forty-hour work week. As such, we cannot conclude that Mr. Dupre received wages that he had not actually earned. Accordingly, we find no error in the OWC concluding that the Employer did not pay Mr. Dupre wages in lieu of compensation.
Mr. Dupre also asserts that he was lulled into a false sense of security by the Employer, which caused him to withhold suit until after the prescriptive period expired. See Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385, 387-88 (1972) (“When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the [prescriptive] period has expired, the employer cannot invoke the time bar to defeat compensation.”) Mr. Dupre contends that he had no reason to file suit as medicals were being paid and he did not experience any wage loss.
Mr. Dupre, however, testified that he was aware that he had one year to file for indemnity benefits. Moreover, Mr. Dupre indicated that he was aware that the payments he received were not for sick leave, but rather for earned |fiwages. In contrast, in Dupaquier, the employee “reasonably believed the sick leave benefits he was receiving included workmen’s compensation,” so the employee withheld suit until his sick leave expired. 257 So.2d at 388. *1093 Accordingly, we cannot conclude that Mr. Dupre was lulled into a false sense of security by the Employer.
Mr. Dupre also asserts that his claims have not prescribed under the doctrine of contra non valentem. The courts have recognized the following four factual situations in which contra non valentem prevents the running of liberative prescription:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
(4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiffs ignorance is not induced by the defendant.
Marin v. Exxon Mobil Corp., 2009-2368 (La.10/19/10), 48 So.3d 234, 245. Mr. Dupre contends that categories three and four apply under the circumstances herein.
Mr. Dupre asserts that he presented ample evidence to establish that he received his full salary and therefore had no reason to expect his claim for indemnity to prescribe. Mr. Dupre notes that the Employer continued to pay for medical benefits and contends that a lay person would have no reason to know that indemnity benefits would have a separate prescriptive period. Mr. Dupre candidly admitted, however, that he was aware that he had one year to file for indemnity benefits. Accordingly, under these circumstances, we find no error in the OWC not applying the doctrine of contra non valentem.
Nevertheless, Mr. Dupre notes that workers’ compensation laws are to be construed liberally in favor of providing compensation to the injured worker. He asserts that he should not be penalized for attempting to remain in the work | (force in order to support his family or in the hope that his condition would improve. Mr. Dupre, citing Winford v. Conerty Corp., 2004-1278 (La.3/11/05), 897 So.2d 560, 564, avers that in cases involving developing injuries the Louisiana Supreme Court has interpreted the date upon which the “clock began to run” for prescriptive purposes as the date the employee could no longer satisfactorily perform his job responsibilities. This case, however, does not involve a developing injury. Since Mr. Dupre presented no evidence to support any theory of interruption or suspension of the prescriptive period, we are constrained to hold that the WCJ correctly decided that Mr. Dupre’s claim for indemnity benefits had prescribed.
CONCLUSION
For the foregoing reasons, the April 4, 2012 judgment of the OWC is affirmed. Costs of this appeal are assessed to appellant, Jerry Dupre.
AFFIRMED.